# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 10-517V
(E-Filed: May 28, 2014)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| FRANK FALCONE and KIM FALCONE, | * | UNPUBLISHED |
| as parents and natural guardians of, K.F., | * | |
| a minor, | * | |
| Petitioners, | * | Special Master |
| | * | Hamilton-Fieldman |
| v. | * | |
| | * | Influenza Vaccine; Varicella Vaccine; |
| SECRETARY OF HEALTH AND | * | Immune Thrombocytopenia Purpura |
| HUMAN SERVICES, | * | ("ITP"); Decision; Stipulation. |
| | * | |
| Respondent. | * | . |
| * * * * * * * * * * * * * | | |

Franklin John Caldwell, Maglio, Christopher & Toale, Sarasota, FL, for Petitioners.
Michael P. Milmoe, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On August 5, 2010, Petitioners, Frank Falcone and Kim Falcone, filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program"). Petitioners alleged that their child, K.F., was injured by the administration of a varicella vaccine and an influenza vaccine administered on November 4, 2008, and that she thereafter suffered Immune Thrombocytopenia Purpura ("ITP").

---

[1] Because this unpublished decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, "the entire" decision will be available to the public. *Id.*

Petitioners alleged that this condition was caused-in-fact by K.F's receipt of the varicella and influenza vaccinations.[2]

Respondent denies that K.F's vaccinations caused her injury. Nonetheless, both parties, while maintaining their above stated positions, agreed in a Stipulation, filed May 28, 2014, ("Stipulation") that the issues before them can be settled and that a decision should be entered awarding Petitioners compensation.

The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The stipulation awards:

> A lump sum of $75,000.00, in the form of a check payable to Petitioners as guardians/conservators of K.F's estate, representing all damages available under 42 U.S.C. §300aa-15(a) to which Petitioners would be entitled.

Stipulation ¶ 8.

The undersigned approves the requested amounts for Petitioners' compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| FRANK FALCONE and KIM FALCONE, as parents and natural guardians of K. F., a minor, | ECF |
| Petitioners, | No. 10-517V |
| v. | Special Master Hamilton-Friedman |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their daughter, K. F., petitioners Frank Falcone and Kim Falcone filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to K. F.'s receipt of varicella and influenza ("flu") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. K. F. received the varicella and flu vaccines on November 4, 2008.

3. The vaccines were administered within the United States.

4. Petitioners allege that K. F. suffered from Immune Thrombocytopenia Purpura ("ITP") caused-in-fact by the vaccines she received. Petitioners further allege that K. F. suffered the residual effects of her injuries for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on K. F.'s behalf as a result of her condition.

6. Respondent denies that any of the vaccines K. F. received caused her ITP, or any other injury, and further denies that K. F.'s current disabilities are sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $75,000.00 in the form of a check payable to petitioners as guardians/conservators of K. F.'s estate representing all damages available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Petitioners represent that they presently are, or within 90 days of judgment will become, duly authorized to serve as guardians/conservators of K. F.'s estate under the laws of

2

the State of Connecticut. No payment pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of K. F.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of K. F. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party of parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of K. F. upon submission of written documentation of such appointment to the Secretary.

12. Payments made pursuant to paragraph 8, and any amounts awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

13. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of K. F. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacities, and as legal representatives of K. F., on behalf of themselves, K. F., her heirs, executors, administrators, successors, and assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown,

3

suspected or unsuspected personal injuries to or death of K. F. resulting from, or alleged to have resulted from the vaccines administered to K. F. on November 4, 2008, as alleged by petitioners in a petition for vaccine compensation filed on or about August 5, 2010, in the United States Court of Federal Claims as petition No. 10-517V.

15. If K. F. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccines K. F. received on November 4, 2008, caused K. F.'s ITP, or any other injury, or that her current disabilities are sequelae of her alleged vaccine-related injuries.

4

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of K. P.

END OF STIPULATION

Respectfully submitted,

PETITIONERS:

*[signature]*
FRANK FALCONE

*[signature]*
KIM FALCONE

ATTORNEY OF RECORD FOR
PETITIONERS:

*[signature]*
F. JOHN CALDWELL, ESQ.
Maglio, Christopher & Toale
1605 Main Street
Suite 710
Sarasota, FL 34236
(941) 952-5242

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*[signature]*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

*[signature]*
A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Acting Director, Division of Vaccine
Injury Compensation (DVIC)
Acting Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*[signature]*
MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4125

DATE: May 28, 2014